# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAY MILLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| URBAN OUTFITTERS, INC., ) | |
| HOT TOPIC TENNESSEE, INC., HOT ) | |
| TOPIC, INC., HOT TOPIC ) | |
| MERCHANDISING, INC., and ) | JURY DEMAND |
| ALTRU APPAREL INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Jay Millar files this complaint against Defendants Urban Outfitters, Inc., Hot Topic Tennessee, Inc., Hot Topic, Inc., Hot Topic Merchandising, Inc., and Altru Apparel, Inc., and states as follows:

## I. THE PARTIES

1. Plaintiff Jay Millar is a citizen and resident of Nashville, Tennessee.

2. Urban Outfitters, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania. Urban Outfitters owns and operates retail stores throughout the United States, including in this District. Since 2010, Urban Outfitters has maintained a certificate of authority from the state of Tennessee to conduct business in Tennessee.

1

3. Defendant Hot Topic Tennessee, Inc. ("Hot Topic TN") is a corporation organized and existing under the laws of the state of California. Upon information and belief, Hot Topic TN owns and operates at least four brick-and-mortar retail stores located within this District. Since 2005, Hot Topic TN has maintained a certificate of authority from the state of Tennessee to conduct business in Tennessee.

4. Defendant Hot Topic, Inc. is a corporation organized and existing under the laws of the state of California. Upon information and belief, Hot Topic, Inc. owns and operates numerous retail and online interactive stores throughout the United States that specialize in music and alternative-culture-related clothing. Upon information and belief, Hot Topic, Inc., in conjunction with co-defendant Hot Topic TN, own and operate at least four brick-and-mortar retail stores located within this District. Since 1997, Hot Topic, Inc. has maintained a certificate of authority from the state of Tennessee to conduct business in Tennessee.

5. Defendant Hot Topic Merchandising, Inc. is a corporation organized and existing under the laws of the state of California. Upon information and belief, Hot Topic Merchandising, Inc. is a supplier and distributor to Hot Topic retail stores throughout the United States, including at least four brick-and-mortar retail stores located within this District. Hot Topic TN, Hot Topic, Inc., and Hot Topic Merchandising, Inc. are referred to collectively in this Complaint as "Hot Topic."

6. Altru Apparel, Inc. is a corporation organized and existing under the laws of the state of California. Altru Apparel conducts its retail clothing and distribution business throughout the United States, including this District.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over the additional claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Urban Outfitters because it owns and operates retail stores in Tennessee. In addition, Urban Outfitters sold product infringing on Plaintiff's rights in Tennessee.

9. This Court has personal jurisdiction over the Hot Topic defendants because they own and operate retail stores in Tennessee. In addition, Hot Topic sold product infringing on Plaintiff's rights in Tennessee.

10. This Court has personal jurisdiction over Altru Apparel because it conducts regular business in Tennessee, and it has distributed and sold infringing product at issue in this lawsuit to consumers in Tennessee.

11. All Defendants conduct business in the state of Tennessee via mail-order sales, interactive websites, and interactive online sales; they organize and produce events in the state of Tennessee; and they have sold, distributed, printed, and advertised infringing goods at issue in this lawsuit in the state of Tennessee.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district, Plaintiff is a resident of this District, Plaintiff has been harmed in this District, and Defendants are subject to personal jurisdiction in this judicial district.

### III. FACTS

13. Plaintiff is a talented and well-known entrepreneur and marketing executive based in Nashville, Tennessee.

14. Plaintiff has worked in the music industry for the past twenty years.

15. The public recognizes Plaintiff as a vinyl/record enthusiast and expert.

16. Indeed, Plaintiff is often called upon by the press and national media to comment on the vinyl/record market in the United States.

17. The popularity and sales of recorded music on vinyl have exploded in the past few years; reports show that sales of vinyl increased over 50% in 2014.

18. The marketing and image push of vinyl to the millennial generation is a prime factor in the increase of vinyl sales.

19. Retail-goods stores such as Urban Outfitters and Hot Topic cater to the millennial generation.

20. In 2014, Urban Outfitters' Chief Administrative Officer Calvin Hollinger publicly stated that Urban Outfitters was the biggest seller of vinyl in the world.

21. In early 2012, just before Record Store Day, Plaintiff created the following original design and logo featuring the phrase "The Plural of Vinyl is Vinyl":



(the, "Mark").

22. Since early 2012, Plaintiff has used and continues to use the Mark to identify his music-related goods and services throughout the United States to distinguish himself from those of others in the music industry and fashion market.

23. Plaintiff has created tremendous goodwill in association with THE PLURAL OF VINYL IS VINYL brand. Because of this exposure, Plaintiff and his brand are well-known in connection with music-related products and services, including fashion geared to the consuming public.

5

24. Plaintiff maintains a registered trademark for THE PLURAL OF VINYL IS VINYL with the state of Tennessee. A copy of this certificate of registration is attached as Exhibit 1.

25. Pursuant to Tenn. Code Ann. § 47-25-505(b), Plaintiff's registered Mark is "admissible in evidence as competent and sufficient proof of the registration of such mark in any actions or judicial proceedings in any court of [Tennessee]."

26. Plaintiff promotes his goods and services using the Mark through marketing channels such as print, social media, and on the Internet.

27. As a result of Plaintiff's continuous use of the Mark throughout the United States, Plaintiff owns the entire right, title, and interest in and to the Mark in connection with music-related goods and services, including, but limited to, t-shirts and campaigns to promote the sale of vinyl records.

28. Plaintiff has used the Mark by placing it on t-shirts, bags, records, and other product to identify the source of his goods and services:



6





29. Plaintiff sells items that feature the Mark through his website, http://www.thepluralofvinyl.com/.

7

30. On March 27, 2013, Jonny Hughes, the owner of Altru Apparel, e-mailed Plaintiff to ask Plaintiff if he was "interested" in licensing "the plural of vinyl is vinyl" and "pitching it to Urban Outfitters." A copy of this e-mail is attached as Exhibit 2.

31. On April 12, 2013, Plaintiff responded to Altru Apparel's licensing request by inquiring about "the details."

32. Plaintiff also informed Altru Apparel that any licensing arrangement would require Plaintiff's involvement of the design and control of the product.

33. Because the public associates Plaintiff as the source of "The Plural of Vinyl is Vinyl" brand, Plaintiff's request insured that he had control over any licensing arrangement that used his Mark.

34. On June 20, 2013, after ignoring Plaintiff's questions for two months, Kyle Gladden, the brand manager from Altru Apparel, e-mailed Plaintiff an additional request to license Plaintiff's Mark.

35. The next day, Mr. Gladden informed Plaintiff that Altru Apparel would send Plaintiff a draft contract to review the proposed terms.

36. Altru Apparel, however, never sent draft terms for Plaintiff to review.

37. Because Altru Apparel did not follow up with Plaintiff or secure a license, Plaintiff assumed that Altru Apparel was no longer interested in licensing the Mark.

38. Instead of securing a license from Plaintiff, however, Altru Apparel chose to surreptitiously manufacture and distribute unlicensed and infringing t-shirts featuring the Mark.

39. Altru Apparel sold—and continues to sell—unlicensed and infringing t-shirts featuring the Mark on its interactive website, www.altruapparel.com:





9

40. Altru Apparel's interactive website is accessible to Tennessee residents, who can purchase products from the website and have those products delivered to Tennessee.

41. Upon information and belief, Altru Apparel distributed the unlicensed and infringing t-shirts featuring the Mark to Hot Topic and Urban Outfitters.

42. Hot Topic distributed, sold, and publicly displayed unlicensed and infringing t-shirts featuring Plaintiff's Mark in its retail stores throughout the county, including stores in Tennessee and in this District.

43. Hot Topic distributed, sold, and publicly displayed unlicensed and infringing t-shirts featuring Plaintiff's Mark on its interactive website, www.hottopic.com:



44. Hot Topic's website is accessible to Tennessee residents, who can purchase products from the website and have those products delivered to Tennessee.

45. Urban Outfitters distributed, sold, and publicly displayed unlicensed and infringing t-shirts featuring Plaintiff's Mark in its retail stores throughout the county, including its store located at 405 12th Avenue South, Nashville, Tennessee 37203.

46. Urban Outfitters distributed, sold, and publicly displayed unlicensed and infringing t-shirts featuring Plaintiff's Mark on its interactive website, www.urbanoutfitters.com:



47. Urban Outfitters' interactive website is accessible to Tennessee residents, who can purchase products from the website and have those products delivered to Tennessee.

48. The Defendants knowingly and willfully used and exploited Plaintiff's Mark without his permission or consent.

49. The infringement of Plaintiff's Mark occurred within Defendants' own, individual advertisement(s) to promote their own brands and product.

50. Defendants encouraged, advertised, and promoted the infringement by distributing and displaying the illegal digital images on the Internet and other social media outlets.

51. On or about December 25, 2014, Plaintiff discovered the infringement and illegal activity.

52. On December 27, 2014, Plaintiff purchased an unlicensed and infringing t-shirt featuring Plaintiff's Mark at the Hot Topic store, located at 1720 Old Fort Parkway, Murfreesboro, Tennessee 37129:



53. Plaintiff immediately e-mailed Jonny Hughes and Kyle Gladden at Altru Apparel to notify them of the illegal activity.

## IV.  CAUSES OF ACTION

### COUNT I
### Violation of Lanham Act, 15 U.S.C. § 1125(a)

54. Plaintiff repeats and re-alleges herein the allegations of the paragraphs stated above.

55. As the senior user of THE PLURAL OF VINYL IS VINYL throughout the United States, Plaintiff has the exclusive rights in the mark THE PLURAL OF VINYL IS

13

VINYL for Plaintiff's music-related advertising and business services, retail for clothing, and music-related products.

56. Defendants have violated Plaintiff's rights in THE PLURAL OF VINYL IS VINYL by using the exact same mark, and other confusingly similar marks, in commerce throughout the United States with identical and/or closely related goods and services without the permission, authorization, or consent of Plaintiff.

57. Defendants' use of THE PLURAL OF VINYL IS VINYL has caused and is likely to cause further confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff as to the origin, sponsorship, or approval of Defendants' goods and services.

58. Defendants' activities constitute false representations, false descriptions, and false designations of origin of their services in violation of the Lanham Act, 15 U.S.C. § 1125(a).

59. The acts committed by Defendants have been committed with the intent to cause confusion, mistake, and/or deception.

60. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants are enjoined from further use of THE PLURAL OF VINYL IS VINYL.

61. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged and is entitled to the following relief:

- An injunction to prevent further use of THE PLURAL OF VINYL IS VINYL pursuant to 15 U.S.C. § 1116; and

- Damages provided under 15 U.S.C. § 1117(a), including, without limitation, Defendants' profits, the actual damages sustained by Plaintiff, including impairment of Plaintiff's goodwill, the costs of this action and reasonable attorneys' fees.

62. Plaintiff has suffered other damages as a result of Defendants' infringement in an amount to be determined at trial.

## COUNT II
### Infringement of Tennessee Registered Mark

63. Plaintiff repeats and re-alleges herein the allegations of the paragraphs stated above.

64. Plaintiff has the exclusive rights to use THE PLURAL OF VINYL IS VINYL in association with music-related advertising and business services, and retail for clothing and music-related products, and records.

65. Plaintiff's ownership of the mark THE PLURAL OF VINYL IS VINYL is registered with the state of Tennessee.

66. Defendants have violated Plaintiff's rights in THE PLURAL OF VINYL IS VINYL by using the exact same mark, and other confusingly similar marks, in commerce in Tennessee with identical and/or closely related goods and services without the permission, authorization, or consent of Plaintiff.

67. Defendants' use of the THE PLURAL OF VINYL IS VINYL mark in Tennessee has caused and is likely to cause confusion, to cause mistake, and to deceive in violation of Tenn. Code Ann. § 47-25-512.

15

68. The acts committed by Defendants have been committed with the intent to cause confusion, mistake, and/or deception.

69. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants are enjoined from further use of THE PLURAL OF VINYL IS VINYL.

70. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged and is entitled to the following relief:

- An injunction to prevent further use of THE PLURAL OF VINYL IS VINYL pursuant to Tenn. Code Ann. § 47-25-514; and

- Damages provided under Tenn. Code Ann. § 47-25-514, including, without limitation, Defendants' profits, the actual damages sustained by Plaintiff, including impairment of Plaintiff's goodwill, treble damages, the costs of this action, and reasonable attorneys' fees for Defendants' knowing acts.

## COUNT III
## Unfair Competition and Deceptive Trade Practices in Violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 *et seq.*

71. Plaintiff repeats and re-alleges herein the allegations of the paragraphs stated above.

72. As the senior user of THE PLURAL OF VINYL IS VINYL in Tennessee since at least and as early as February 9, 2012, Plaintiff has the exclusive rights to use THE PLURAL OF VINYL IS VINYL in association with music related product and services.

73. Defendants' use of THE PLURAL OF VINYL IS VINYL constitutes unfair competition and deceptive acts and practices in violation of the Tennessee Consumer

16

Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, including but not limited to the following:

- Defendants' use of THE PLURAL OF VINYL IS VINYL constitutes a false passing off of goods as those of Plaintiff in violation of Tenn. Code Ann. § 47-18-104(b)(1);

- Defendants' use of THE PLURAL OF VINYL IS VINYL has led to consumer confusion or misunderstanding as to the source, sponsorship, approval or certification of goods in violation of Tenn. Code Ann. § 47-18-104(b)(2);

- Defendants' use of THE PLURAL OF VINYL IS VINYL has led to consumer confusion or misunderstanding as to the affiliation, connection or association with, or certification by Plaintiff in violation of Tenn. Code Ann. § 47-18-104(b)(3); and

- Defendants have falsely represented to the public that their goods using THE PLURAL OF VINYL IS VINYL have been sponsored, approved, or are connected and affiliated with Plaintiff in violation of Tenn. Code Ann. § 47-18-104(b)(5).

74. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants are enjoined from further use of THE PLURAL OF VINYL IS VINYL.

75. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in amount to be determined at trial.

76. Defendants' violations of the Tennessee Consumer Protection Act are willful and/or knowing, entitling Plaintiff to treble his actual damages, as well as entitling Plaintiff to his costs and reasonable attorneys' fees.

17

## COUNT V
## Unjust Enrichment

77. Plaintiff repeats and re-alleges herein the allegations of the paragraphs stated herein.

78. As a result of Defendants' conduct, Defendants have been unjustly enriched at the expense of Plaintiff. Under Tennessee law, an implied contract is created by which Defendants must pay to Plaintiff the amount by which, in equity and good conscience, Defendants have been unjustly enriched at the expense of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for entry of judgment in his favor with an order providing the following relief against Defendants:

A. Preliminarily and permanently enjoining Defendants from:

   a. using and infringing Plaintiff's THE PLURAL OF VINYL IS VINYL mark or any colorable imitation or confusingly similar variation thereof in any product, service, and/or medium including, but not limited to, the Internet, print, electronic, mobile apps, Facebook, or other social media;

   b. engaging in any acts or activities that are directly or indirectly calculated to trade upon Plaintiff's reputation or goodwill or unfairly compete;

B. Directing an accounting to be had of Defendants' sales and profits derived from their unlawful activities;

C. Awarding Plaintiff his actual, compensatory, exemplary, punitive, treble and cumulative damages;

D. Awarding Plaintiff his attorney's fees and costs pertaining to this action;

E. Awarding Plaintiff prejudgment and post-judgment interest; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Howell O'Rear

_____
Howell O'Rear (TN BPR #26509)
Seth M. McInteer (TN BPR #26471)
McInteer & O'Rear PLC
2801 12th Avenue South
Nashville, TN 37204
Ph. 615-724-6207
Fax 615-523-1311
howell@mcolawfirm.com
seth@mcolawfirm.com

*Counsel for Plaintiff*